EXHIBIT 34

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - BERGEN COUNTY
CRIMINAL PART
INDICTMENT NO. 95-07-0889
APP. DIV. NO.

STATE OF NEW JERSEY,                      :

                  Complainant,            :

                                          :          TRANSCRIPT

        vs.                               :

                                          :              OF

JAMIE FARTHING,                           :

                                          :          SENTENCE

                  Defendant.      :
--------------------------------

                        Place:  Bergen County Courthouse
                                10 Main Street
                                Hackensack, New Jersey 07601

                        Date:   November 3, 2000


B E F O R E :

        HONORABLE TIMOTHY J. SULLIVAN, J.S.C.


TRANSCRIPT ORDERED BY:

        Office of the Public Defender, Appellate Section


A P P E A R A N C E S :

        PATRICIA BAGLIVI, ESQ.,
        Assistant Prosecutor,
        Attorney for the State.

        JOHN L. WEICHSEL, ESQ.,
        Attorneys for the Defendant.


                                Video recorded by:  N/A
*****************************************************************
             RAPID TRANSCRIPT SERVICE, INC.
                 Stefanie Lucas, Trainee
                      4 Elodie Lane
                 Randolph, New Jersey 07869
             (973)328-1730    FAX (973) 328-8016
*****************************************************************

## I N D E X
### 11/3/00

ARGUMENT                                            Page

    By Mr. Weichsel                              5, 16
    By Ms. Baglivi                               15

Sentence                    3

1          THE COURT:  This is the matter of State of

2     New Jersey v. Jamie Farthing.

3               Have your appearances, Counsels?

4          MS. BAGLIVI:  Patricia Baglivi, Assistant

5     Prosecutor for the State.

6          MR. WEICHSEL:  John Weichsel, 79 Main

7     Street, Hackensack for Jamie Farthing.

8          THE COURT:  All right.  The Appellate

9     Division after reviewing the trial --

10               (Court confers with clerk)

11          THE COURT:  -- ruled that the -- Ms.

12     Farthing, who was found guilty of purposely and

13     knowingly murdering the victim in this case have

14     reversed that particular conviction.  They found that

15     the conviction for kidnapping, armed robbery,

16     possession of a weapon for unlawful purposes

17     involving the Graves Act and possession of a weapon

18     and felony murder to be affirmed.

19               However, they did find that the jury

20     finding of the purposely and knowing murder would be

21     remanded for a new trial.  Just that particular

22     charge or count and any merging that the Court had

23     done at the time of sentence as the -- using the term

24     of the Appellate Division, they unmerged.  I think

25     that's a new word, unmerged, but -- a word I'm not

Sentence                                    4

1   familiar with.

2           Anyway, they unmerged it and they did

3   indicate, I'll read for the record.  The Appellate

4   Division says, "We, thus, conclude that the defendant

5   was fairly convicted of two counts of first degree

6   kidnapping; two counts of first degree robbery; two

7   counts of possession of a firearm for an unlawful

8   purpose; two counts of possession of a handgun

9   without a permit; and two counts of felony murder."

10          "We reject the defendant's remaining

11  arguments as they pertain to those counts.  We

12  unmerge the defendant's conviction for felony murder

13  during -- committed during the robbery.  The State

14  may choose to retry the defendant for purposeful and

15  knowing murder or stand pat with the convictions we

16  have affirmed."

17          "If the State chooses not to retry the

18  defendant for purposeful or knowing murder, it will

19  be necessary for the trial court --" that's here, "--

20  to recast the aggregate sentence imposed.  We, thus,

21  need not address defendant's claim that the sentence

22  is excessive."  No.  That was another claim.  "The

23  judgment is affirmed in part, remanded in part.  The

24  matter is remanded to the Law Division for further

25  proceedings consistent with this opinion."

Sentence                          5

1          Is there any question about the Appellate

2    Division's opinion, Counsel?

3          MS. BAGLIVI:  No, Judge.

4          THE COURT:   You understand this?  Any

5    questions to your client?

6          MR. WEICHSEL:  I understand the opinion.

7    However, there was one issue raised by Ms. Farthing's

8    Appellate counsel before the Appellate Division,

9    which they did not reach because of their ruling on

10   purposely and knowing murder and that is, you had

11   sentenced Ms. Farthing to a consecutive sentence on

12   one of the kidnapping charges and at your sentencing,

13   you had indicated that you believed that a

14   consecutive sentence on that kidnapping was mandatory

15   based on N.J.S.A. 3C:13-1C(2).  But that only

16   requires the imposition --

17          THE COURT:  Where are you reading this

18   from?

19          MR. WEICHSEL:  I'm reading this from a

20   letter from the Appellate counsel, Judge.

21          But --

22          THE COURT:  To whom?

23          MR. WEICHSEL:  To me.

24          THE COURT:  All right.

25          MR. WEICHSEL:  Okay.

Sentence                              6

1          THE COURT:  Did he not raise that before

2    the

3    Appellate Division?

4          MR. WEICHSEL:  Raised it to the Appellate

5    Division.  They did not reach it because --

6          THE COURT:  Well, you'd better go talk to

7    them.

8          MR. WEICHSEL:  -- they were remanding the

9    case to you, Judge, and they didn't deal with the

10   issue, but I'd like to raise it here, Judge, because

11   there is no --

12         THE COURT:  No, no.  If it's before the

13   Appellate Division -- he raised it before the

14   Appellate Division, that's where it stays.  I'm not

15   going to now answer that question.  This is not

16   appeal court.  You are not appealing that.

17         MR. WEICHSEL:  Well --

18         THE COURT:  And that issue is not before

19   the Court.  It's not on appeals.  I can't appeal --

20   or decide issues of appeal on my own decision.  I

21   understand what you're saying.  If he wants to raise

22   it again before the Appellate Division, maybe --

23   thinking that they hadn't reached it, but they --

24         MR. WEICHSEL:  Well, apparently, Judge,

25   they did not reach it and they did not discuss it

1   because the case is being remanded to you for

2   resentencing, Judge, and --

3                    THE COURT:  Only on one issue.  On Count

4   One, knowingly and purposely murder.

5                    MR. WEICHSEL:  What I would ask --

6                    THE COURT:  It's being remanded here.

7                    MR. WEICHSEL:  Then I would ask to be able

8   to make a record on this issue.

9                    THE COURT:  Oh.  You're -- then you're

10  talking about the fact that the Appellate Division

11  says I have to restructure on --

12                   MR. WEICHSEL:  That's --

13                   THE COURT:  -- that issue?

14                   MR. WEICHSEL:  That's correct, Judge.

15                   THE COURT:  Okay.  I understand what

16  you're saying.

17                   MR. WEICHSEL:  And apparently the statute

18  the you relied on, which is N.J. 2C:13-1.

19                   THE COURT:  I'm sorry.

20                   MR. WEICHSEL:  N.J.S.A --

21                   THE COURT:  I wish you would have brought

22  this to my attention before today, you know.

23                   MR. WEICHSEL:  I'm sorry, Judge.

24                   THE COURT:  You're dropping it on me here.

25  Like, I have to go and do some research.  You know,

Sentence                                    8

1    that's really unfair.

2              MR. WEICHSEL:  Judge, if you want me to

3    brief it, I'd be glad to do that.  We could, you

4    know, postpone -- I don't know --

5              THE COURT:  Then we just put the whole

6    matter off again for another three, four months.  I -

7    - you know, I set this matter down months and months

8    ago so that we could review it, if there was anything

9    that had to be done, but I'll hear you what you have

10   to say and I'll see if it has any merit to it.

11             MR. WEICHSEL:  Judge, the statute which

12   you relied on to impose the consecutive kidnapping

13   sentence, which is N.J.S.A 2C:13- --

14             THE COURT: I'm sorry.  N.J?

15             MR. WEICHSEL:  S.A. 2C:13-1C (2) only

16   requires the imposition of a consecutive sentence

17   when you're -- when the defendant would be convicted

18   of the killing of a child less than 16 years of age

19   during a kidnapping.  The victim in this case --

20             THE COURT:  Now wait a minute.  Wait a

21   minute.  We have two kidnappings here, do we not?

22   No.  One.

23             MS. BAGLIVI:  Two different victims.

24             MR. WEICHSEL:  Two different --

25             THE COURT:  Yeah.  Two different --

Sentence                                                    9

1          MR. WEICHSEL:  -- victims.

2          THE COURT:  -- victims.

3          MR. WEICHSEL:  That's correct, but neither

4    one of the victims was under the age of 16 and the --

5    the ruling only talking about the kidnapping of Mr.

6    Politas (phonetic) because the statute you rely on

7    talks about the killing of a child less than 16 years

8    old.

9          THE COURT:  Well, these are two crimes

10   committed two separate days, two separate cities --

11         MR. WEICHSEL:  That's correct.

12         THE COURT:  -- and I can't run it

13   consecutive because one of the victims was not a

14   child?

15         MR. WEICHSEL:  I believe the one you ran

16   consecutively, Judge, was the kidnapping of Mr.

17   Politas, but I could be wrong and he's the victim

18   that was murdered.

19         THE COURT:  But if I did it the other way,

20   it would work?

21         MR. WEICHSEL:  I assume it would, Judge.

22         THE COURT:  Yeah.

23         MR. WEICHSEL:  You know --

24         THE COURT:  Your logic leads me to that

25   conclusion.  Yeah.  All right.

1              Do you have anything else you want to say?

2      You're saying that the statute -- a consecutive

3      kidnapping has to be  -- is it correct, you said it

4      has to be someone under the age of 16?

5              MR. WEICHSEL:  Consecutive kidnapping in

6      the case of a murder -- a kidnapping where there's a

7      murder, Judge.

8              THE COURT:  Does it have to run

9      consecutive to the murder?

10             MR. WEICHSEL:  Excuse me?

11             THE COURT:  You're going to have to run it

12     consecutive to the murder?

13             MR. WEICHSEL:  Only mandatory if the

14     victim's under 16.

15             THE COURT:  If that's consecutive to the

16     murder?

17             MR. WEICHSEL:  Consecutive to the murder,

18     Judge, yes.

19             THE COURT:  Okay.  Now we're getting the

20     knowingly and purposely murder out.

21             MR. WEICHSEL:  That's correct, Judge.

22             THE COURT:  Can't I run the consecutive --

23     the kidnapping of Politas with the kidnapping of --

24             MR. WEICHSEL:  Of Hipman (phonetic)?

25             THE COURT:  -- of -- what's his name?

Sentence                    11

1          MR. WEICHSEL:   Mr. Hipman.

2          THE COURT:  Is it Hipman?

3          MS. BAGLIVI:  Hipman.

4          MR. WEICHSEL:  Yeah.

5          THE COURT:  I forgot the name already, the

6    victim.

7          MR. WEICHSEL:  If the Court chooses in its

8    discretion to do that, obviously, the Court should do

9    it.

10         THE COURT:  Yeah.  I kind of think that's

11   the way I did it.  I ran two consecutive -- I ran the

12   consecutive kidnappings because there were two

13   separate days, two separate victims and two separate

14   events.  So, therefore, they ran -- I ran it

15   consecutive.  Not because it was consecutive to the

16   murder.  I don't think -- maybe he's -- that wasn't

17   my understanding.  I have my notes here, but is there

18   anything else, Mr. Weichsel?

19         MR. WEICHSEL:  Judge, I would just --

20         THE COURT:  With regard to the opinion.

21         MR. WEICHSEL:  Not with regard to the

22   opinion, Judge.

23         THE COURT:  Do you have any -- any

24   comments on the opinion itself?  Do we understand

25   it?  I mean, there's no questions as to what the --

1            MS. BAGLIVI:  No.

2            THE COURT:   -- Appellate Division --

3            MS. BAGLIVI:  I just wanted to be heard on

4    the sentence.

5            THE COURT:  All right.  Well, then I'll

6    give you a chance to respond on the sentence then.

7    I'm going to impose a sentence, Mr. -- do you want to

8    be heard?

9            MR. WEICHSEL:  I would.  I would like --

10           THE COURT:  Yeah.

11           MR. WEICHSEL:  -- to, Judge.

12           THE COURT:  All right.  Why don't we hear

13   you then?

14           MR. WEICHSEL:  Jamie, Jamie Farthing is

15   now 24 years old.  She's been incarcerated since

16   she's 18 years old.  The Court's original sentence

17   was a sentence of life, plus 60 years, with a 40-year

18   period of parole ineligibility.

19           THE COURT:  All right.  Before we do that,

20   let's -- I think we're going ahead.  We have to just

21   find out what the State's going to do.

22           MS. BAGLIVI:  Judge, I --

23           THE COURT:  The Appellate Division has

24   laid it out and said what's the State -- what they

25   choose to do -- so if they want to stand pat.  What's

1    your position?

2         MS. BAGLIVI:  Well, Judge, at the end of

3    the sentencing, my intentions were to dismiss the

4    murder because she's going to be sentenced on the

5    felony murder.  I would assume, I mean, murder --

6    felony murder and murder are both 30 years to life,

7    30 years without parole.  I mean, I don't assume Mr.

8    Weichsel is making an argument for anything less than

9    the 30 years without parole.  And if that's the case,

10   then  that's --

11        THE COURT:  What is -- is the position of

12   the State at this time that they're going to stand

13   pat or to retry the purpose and knowing murder?

14   That's really the question.

15        MS. BAGLIVI: There would be no reason to

16   since she is still convicted of a felony murder.  But

17   I don't know what his argument is.  I don't -- I

18   haven't heard it yet.

19        THE COURT: All right.  I'll leave that

20   door open for you, but --

21        MS. BAGLIVI:  Okay.

22        THE COURT:  -- the position, at least at

23   this juncture, is that the State doesn't intend to

24   pursue the --

25        MS. BAGLIVI:  That's correct.  I spoke to

1    the  family --

2              THE COURT:  -- purposely --

3              MS. BAGLIVI:  -- and I -- we discussed it.

4    There doesn't seem to be any reason to.  I mean,

5    felony murder or murder carry the same sentence.

6              THE COURT:  All right.  So the State's

7    prepared to dismiss that count?

8              MS. BAGLIVI:  Correct.

9              THE COURT:  And then we will proceed as to

10   sentencing with regard to the other matters.

11             MS. BAGLIVI:  Correct.  Well --

12             MR. WEICHSEL:  Yes.

13             MS. BAGLIVI:  -- the one other count,

14   felony murder.  That's the only thing you have to

15   resentence.  Everything else stands.  Felony murder

16   and murder --

17             THE COURT:  Everything else stands.

18   Felony murder --

19             MS. BAGLIVI:  Felony murder had merged

20   into murder and you sentenced her on the murder and

21   now you have to sentence her on the felony murder.

22             THE COURT:  And the -- it's mandatory 30

23   years?

24             MS. BAGLIVI:  Correct.  It's minimum.

25             THE COURT:  So --

1          MR. WEICHSEL:  Correct, Judge.

2          THE COURT:  Do you understand what we're

3    talking about, Ms. Farthing?

4          MR. WEICHSEL:  Jamie, understand?

5          THE COURT:  Now the State is prepared to

6    dismiss the first count, which was the knowing and

7    purposely murder and you've got a chance -- have you

8    had a chance to read the Appellate opinion on this

9    matter, which was --

10         Did you get a chance to --

11         THE DEFENDANT:  Yes, I read it.

12         THE COURT:  All right.   So basically --

13   it was 33 pages -- but basically what they said was

14   what your psychologist had testified to -- Dr.

15   Appolito (phonetic) -- that you were not in the frame

16   of mind to have the requisite intent to commit

17   knowingly and purposely.  That was the position that

18   he had taken and there was evidence put in by the

19   State which was structured in such a way that it was

20   improper.

21         I think it was Dr. Shimmering (phonetic)

22   who had used other sources, which were your

23   codefendants.  So the Appellate Division made that

24   decision that knowingly and purposely was -- finding

25   by this -- by the jury was based upon improper

1    evidence presented before them.

2            The Appellate Division then said that,

3    well, everything else was okay, you know, in the case

4    that went to the jury properly.  So the State then

5    would have the option -- they remanded, set that

6    particular count aside, sent the matter back and now

7    the State is indicating that its not going to pursue

8    that purposely/knowingly, which was the life

9    sentence.  So that will be gone.

10           However, there is a mandatory sentence

11   when it comes to felony murder, which is -- you were

12   convicted of.  In fact, you were convicted of felony

13   murder on two counts, Eight and Nine, which was --

14           THE DEFENDANT:  Felony murder was only one

15   count.

16           THE COURT:  No, it was for the armed

17   robbery and the kidnapping.

18           MR. WEICHSEL:  Kidnapping.  Felony and

19   kidnapping merged.

20           THE DEFENDANT: Sorry.

21           THE COURT:  Kidnapping is also a felony,

22   but they merged.

23           MR. WEICHSEL: They merged.

24           THE COURT:  It'll be -- and you're subject

25   to 30 years.  I just want to make sure you understand

Sentence                    17

1    what we're doing.

2                    THE DEFENDANT:  Yeah, I understand.

3                    THE COURT:  Okay.  And you've talked it

4    over with her, Mr. Weichsel?

5                    MR. WEICHSEL: This morning, Judge.

6                    THE COURT: Okay.  And do you have anything

7    you want to say before I impose the sentence?

8                    MR. WEICHSEL:  No, Judge.

9                    THE COURT:  How about you, Ms. Farthing?

10   Anything?

11                   The State?

12                   MS. BAGLIVI:  Judge, I would just ask that

13   you impose the same sentence that you imposed on the

14   murder count, which was life, 30 years without

15   parole.  A felony murder is -- I mean, it's the same

16   sentencing guidelines.  Your Honor, put your findings

17   on the record at the time of the sentencing on this

18   case regarding the aggravating and mitigating

19   factors.

20                   The only thing different here now that

21   Your Honor didn't have before you back then was the

22   fact that the defendant has now been convicted of a

23   second murder in New York.  At the time she was here

24   in New Jersey, it was just the one murder.  She

25   subsequently pled guilty to that murder in New York

1    and I believe she's doing a sentence in -- concurrent

2    with New York -- with New Jersey?  Or consecutive?

3              THE DEFENDANT:  It's concurrent.

4          MR. WEICHSEL:  Concurrent.

5          MS. BAGLIVI:  It's concurrent.  So she now

6    stands convicted of that second murder.  So I would

7    ask that you do in fact impose the life, the 30 years

8    without parole and regarding Mr. Weichsel's argument

9    about the consecutive and concurrent.  Whether it was

10   discretionary or mandatory, Your Honor put your

11   reasons on the record why you felt that the

12   consecutive sentences were appropriate in the case.

13             And I ask that you leave everything else

14   alone in this case and just sentence her life, 30

15   years without parole on the felony murder of the

16   robbery.  The felony murder, kidnapping would just

17   merge into the other felony murder.  At the end of

18   the sentencing, the State would move to dismiss that

19   other count of murder, Count Seven.

20         MR. WEICHSEL:  Judge, I would ask the

21   Court to impose a 30 year sentence with a 30-year

22   period of parole ineligibility, rather than 30 to

23   life.  Ms. Farthing is now 24 years old.  She's taken

24   advantage of every opportunity in prison.  She is

25   doing tutoring.  She's in Bible classes.  She's

Sentence                                    19

1    getting psychological counseling.  She's getting

2    anger management counseling.

3              This is something that, obviously, she's

4    extremely remorseful for.  Your Honor knows her quite

5    well and I would just ask the Court to seriously

6    consider a 30-year sentence with a 30-year period of

7    parole ineligibility.

8              THE COURT:  Let me hear from you, Ms.

9    Farthing.  Tell me what's going on in your life now,

10   in prison and why I should not put you away for the

11   rest of your life?  You have a window here.  You have

12   an opportunity to tell me.  Can you talk to me?

13             THE DEFENDANT:  Yes.  I'm only 24 and I

14   want a life.

15             MR. WEICHSEL:  Jamie, just tell the Judge

16   what you told me downstairs in terms of what you're

17   doing.

18             THE DEFENDANT:  It doesn't mean that much.

19   All I do is just like tutor.  I take a bunch of

20   classes and stuff like that, but it doesn't make up

21   my past, but I just want things in life.  I want to

22   have kids.  I want to have a husband and this stuff

23   and if I'm locked up for the rest of my life, I'll

24   never have that.

25             THE COURT:  What about these events?

1          THE DEFENDANT:  It's just --

2          THE COURT:  Have you had a chance to think

3     about these events?

4          THE DEFENDANT:  I mean, I can't change

5     them.

6          THE COURT:  I know you can't change them,

7     but what are your thoughts about them?

8          THE DEFENDANT:  I wish I never would have

9     came up there.  I wish this never would have

10    happened.  I wish there was something I could have

11    done.  You know, maybe if I didn't come to New York,

12    none of this would have happened.  I don't know.

13         THE COURT:  Okay.  Thanks.

14         I'm going to sentence you with regard to

15    the felony murder, which is what I think the

16    Appellate Division -- I -- as far as the kidnappings

17    are concerned, Mr. Weichsel, I'm, for the same

18    reasons I set forth on the record at the time I did

19    sentence Ms. Farthing.  They will run consecutive.

20         I'm sorry.  What sentence did I give them?

21    Thirty with a 10-year stip and the other one is --

22    no, that was it.  Kidnapping, 30 years.  They're

23    running concurrent.  The concurrent sentences on the

24    kidnapping brings it up to 60.  Is that what we're

25    talking about?

1          MR. WEICHSEL:  I think so, Judge.  It

2    was -- the original sentence was life, plus 60, with

3    a 40-year period of parole ineligibility.

4          THE COURT:  The plus 60 was the

5    kidnapping, correct?

6          MS. BAGLIVI:  They were the crimes from

7    the night before.  The armed robbery and the

8    kidnapping of Mr. Hipman, you ran those consecutive

9    to the murder the next night.

10          THE COURT:  All right.  So the murder's

11    out.  You have felony murders on both of those.

12          Would you take Ms. Farthing down into the

13    holding cell?  I just want to review this.  I'm not

14    going to shoot from the hip on this.  I want to

15    review some of these.  It's just too big a thing and

16    it's not fair.

17          Mr. Weichsel, you're just going to have to

18    wait.

19          MR. WEICHSEL:  Fine, Judge.

20          THE COURT:  But I just want to review

21    exactly what options I have here and I'm not quite

22    sure I -- and I'm not going to just impose a sentence

23    because I don't want to rush it.  It's as simple as

24    that.  Okay?

25          Give me a few minutes on this.  Let me

1   just move some of these people out of the courtroom

2   and then I'll get back to you.

3                (Unrelated court matters conducted)

4                THE COURT:  Count Seven is going to be

5   dismissed and I will sentence her --

6                MS. BAGLIVI:  Felony murder and robbery

7   and we'll dismiss the felony -- the other felony

8   murder?  How can you -- you can't merge one felony

9   murder into another felony murder.

10                THE COURT:  I already did that.

11                MS. BAGLIVI:  I think I should just

12   dismiss one of the felony murder counts because I

13   don't think you can merge a felony murder into a

14   felony murder.

15                THE COURT:  Eight and Nine were felony

16   murders.

17                MS. BAGLIVI:  Right.  So we'll sentence

18   her on one felony murder, the felony murder/robbery

19   and I'll --

20                THE COURT:  But I already merged those.

21                MS. BAGLIVI:  But you had to unmerge

22   according to the Appellate Division.  You merged them

23   into the murder.  So they're unmerged now, but you

24   can't sentence her -- unless you sentence her --

25                THE COURT:  Okay.  All right.

Sentence                          23

1          MS. BAGLIVI:  -- on two felony murders and

2    just run them concurrent.

3          THE COURT:  So you're going to dismiss --

4          MS. BAGLIVI:  No, Judge, I think it's

5    probably better to sentence her on two felony murders

6    and just concurrent them together.

7          THE COURT:  30 years concurrent.

8          MS. BAGLIVI:  If that's your sentence.

9          THE COURT: Yeah.  And that would be --

10         MS. BAGLIVI:  But they have to be

11   concurrent.

12         THE COURT:  -- Eight and Nine.  Everything

13   else remains the same and you can raise the issue at

14   another time as excessiveness of sentence.

15         MR. WEICHSEL:  Uh-huh.

16         THE COURT:  Okay.  And then -- because I

17   think they did not touch that.

18         MR. WEICHSEL:  No.  They didn't touch

19   that.

20         THE COURT:  They said they do not have to

21   address the claim of the sentence is excessive and

22   that would be still available to you.

23         MS. BAGLIVI:  So, Judge, what you're doing

24   is you're giving a 30 year sentence instead of a life

25   30?

1              THE COURT:  That's right.

2              On the record.  Are there any more

3     arguments on this or discussion with regard to the

4     State.  The State's going to  -- why don't we

5     officially take the State's position as to what

6     they're going to -- they're going to dismiss?

7              MS. BAGLIVI:  Judge, I do just have to

8     clear that because originally I thought you were just

9     going to switch the sentences and give the same

10    sentence.  We've made it a little bit different.  I

11    don't think there will be a problem and I'll just

12    send you a letter in writing to that effect, but I do

13    need to get clearance from downstairs.

14             THE COURT:  For what?

15             MS. BAGLIVI:  Because the sentence is a

16    little bit changed.  The sentence is different.

17    Originally it was life, 60 years, 40 without parole.

18    Now my understanding is you're going to switch it to

19    just 30 years.

20             THE COURT:  So what about the Appellate

21    Division asking the State to make -- take the

22    position, are they going to pursue the trial or not.

23    That's all I'm asking.

24             MS. BAGLIVI:  Well, Judge, that's what I

25    don't know because originally, as I said I thought

Sentence                                    25

1    you were just going to switch.  I didn't know Mr.

2    Weichsel was making all these arguments about

3    changing the sentence.  I thought you were  just --

4              THE COURT:  All right.  You go down and

5    get the permission.

6              Send her back to prison.  We'll get

7    another date.

8              MR. WEICHSEL:  Thank you.

9              THE COURT:  Who do you have to ask?

10             MS. BAGLIVI:  I have to check with my

11   superiors, Judge.

12             THE COURT:  Your superiors?

13             MS. BAGLIVI:  Mr. Schwanwede.

14             THE COURT:  Yeah, well, why don't you

15   check with him and tell me what you're going to do.

16             MS. BAGLIVI:  Yes, Judge.

17             MR. WEICHSEL:  Judge, you're going to give

18   us a --

19             THE COURT:  You go to Paris.  I'll see you

20   another time, another place, another planet.

21             MS. BAGLIVI:  Do you want to give us a

22   date now or wait?

23             THE COURT:  No.  Not until you guys are

24   ready.  I don't even know when you're coming back.  I

25   don't know when --

Sentence                                    26

1           MR. WEICHSEL:  I'll be back --

2           THE COURT:  -- I'm coming back.

3           MR. WEICHSEL:  I'll be back here on the

4      13th, Judge.

5           THE COURT:  Yeah, but I'm gone.  I'm gone

6      until way into January.  I thought we'd get this

7      matter taken care of.

8                (Proceedings concluded)

           I, STEFANIE LUCAS, the assigned
transcriber, do hereby certify that the foregoing
transcript of proceedings in the   Bergen County
Superior Court on November 3, 2000, Videotape, as
indexed by the Court, is prepared in full compliance
with the current Transcript Format for Judicial
Proceedings and is a true and accurate record of the
proceedings.

                    Stefanie Lucas, Trainee

Date:  _____6/8/01_____

                    Proofed by:  Michele Vicaro, AD/T 352
                    RAPID TRANSCRIPT SERVICE, INC.