<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMIE FARTHING,              :
                             :    Civil Action No. 10-0572 (CCC)
        Petitioner,  :
                             :
        v.           :    **OPINION**
                             :
WILLIAM HAUCK, et al.,       :
                             :
        Respondents. :


**APPEARANCES:**

Petitioner <u>pro se</u>
Jamie Farthing
#18567
Edna Mahan Correctional Facility
P.O. Box 4004 - NH
Clinton, NJ 08809

Counsel for Respondents
Annmarie Cozzi
Bergen County Prosecutor's Office
Bergen County Justice Center
10 Main Street
Hackensack, NJ 08809

**CECCHI**, District Judge

    Petitioner Jamie Farthing, a prisoner currently confined at Edna Mahan Correctional Facility, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are William Hauck and the Attorney General of the State of New Jersey.

    For the reasons stated herein, the Petition must be denied.

I.  BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> Tried to a jury, defendant was convicted in 1996 on nine counts, including one alleging purposeful or knowing murder, N.J.S.A. 2C;11-3a(1), (2), arising from her participation in a scheme to pose as an escort in order to gain access to her victim's residence, after which the victim would be bound and robbed. One of the victims of this scheme was killed by a co-defendant. Defendant received an aggregate custodial sentence of life plus sixty years with a forty-year period of parole ineligibility. On May 18, 2000, defendant's conviction for purposeful or knowing murder was reversed and remanded for a new trial. Her remaining convictions were affirmed.

State v. Farthing, 2007 WL 460982 (N.J. Super.A.D. at *1).

II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

3

where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein). In such instances, "the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)). "However, § 2254(e)(1) still mandates that the

4

state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." <u>Simmons v. Beard</u>, 581 F.3d q158, 165 (3d Cir. 2009).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." <u>Priester v. Vaughn</u>, 382 F.3d 394, 398 (3d Cir. 2004) (citing <u>Early v. Packer</u>, 537 U.S. 3 (2002); <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. <u>See</u> 28 U.S.C. § 2254(b)(2); <u>Lambert v. Blackwell</u>, 387 F.3d 210, 260 n.42 (3d Cir. 2004); <u>Lewis v. Pinchak</u>, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989);

5

United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III. ANALYSIS

A. Claims Regarding Hearsay Testimony (Grounds 1, 2, 3)

Petitioner claims that the trial court erred with respect to admission of certain hearsay testimony.

It is well-established that the violation of a right created by state law is not cognizable as a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 680 (1990))). Accordingly, Petitioner cannot obtain relief for any errors in state law evidentiary rulings, unless they rise to the level of a deprivation of due process. Estelle, 502 U.S. at 70 ("'the Due Process Clause guarantees fundamental elements of fairness in a criminal trial'") (quoting Spencer v. Texas, 385 U.S. 554, 563-64 (1967).

For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial. Keller v. Larkins, 251 F.3d.

Petitioner contends that the trial court erred in admitting hearsay evidence regarding co-defendant statements. As to these issues, the Appellate Division did, in fact, hold that the

6

prosecutor improperly elicited hearsay testimony. <u>State v. Farthing</u>, 751 A.2d 123, 131-137 (N.J. Super. A.D. 2000). The Appellate Court concluded its analysis of this issue by holding:

> We are satisfied the errors we have described were capable of producing an unjust result with respect to the convictions for purposeful or knowing murder. But we are equally convinced that these errors did not taint the remaining convictions. The evidence overwhelmingly established that defendant purposely participated in the kidnaping and robbery [...]. The State's proofs established defendant's complicity in the felony-murder beyond any possible doubt. The erroneously admitted evidence focused primarily on the issue whether defendant intended to kill [the victim]. Our reversal of defendant's conviction for purposeful or knowing murder thus fully vindicates defendant's rights."

Id. at 137.

The Appellate Court carefully considered Farthing's contentions regarding the improperly admitted hearsay and its consequences and did in fact grant partial relief where the court found relief to be appropriate by reversing Farthing's conviction for purposeful or knowing murder. Petitioner has thus previously received the only relief that she is entitled to on this issue, namely the Appellate Court's partial reversal.

The decision of the Appellate Division is neither contrary to, nor an unreasonable application of, clearly established federal law, nor is it a decision based on an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to relief on this claim.

B.  Claims Regarding Ineffective Assistance of Counsel (Grounds 4, 5)

Petitioner argues ineffectiveness of counsel at both the trial and PCR levels.

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Strickland at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

8

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland. See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

In this case, the state courts examined and rejected Petitioner's numerous ineffective assistance of counsel claims. A review of the state court record reflects that Petitioner was not denied effective assistance of counsel.

The Appellate Division, in its February 14, 2007 Opinion, examined a number of Petitioner's individual claims regarding alleged ineffective assistance of counsel including the

allegations that trial counsel did not adequately conduct an investigation, make a motion for mistrial regarding the jury's alleged ridicule of a defense witness, engage in plea negotiations and secure a plea bargain, request a court order that Farthing receive psychiatric medication, and object to the jury charge regarding accomplice liability.  That court concluded that Petitioner was not denied effective assistance of counsel on any of those grounds raised, holding that "[t]he record is devoid of any proof of trial counsel's deviation or that a different course of action would have probably changed the result of the trial." State v. Farthing, 2007 WL 460982 (N.J. Super.A.D. at *2).

Petitioner's final allegation regarding ineffective assistance of trial counsel is that trial counsel did not present to the jury a diminished capacity defense related to voluntary intoxication.  While the Appellate Court did not analyze that claim specifically, in its July 29, 2009 Opinion, that Court noted the allegations as to this claim and held, as to those and other grounds raised, that the contentions presented by Farthing were "without merit." State v. Farthing, 2009 WL 2243843 (N.J. Super.A.D. at *3).

As to Petitioner's allegations that she received ineffective assistance from her PCR counsel, habeas corpus relief is not available on this issue, pursuant to 28 U.S.C. § 2254(i) which

10

provides that "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Since Petitioner's claims on this issue are without merit, all claims regarding ineffective assistance of counsel will be denied.

IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

11

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court denies a Certificate of Appealability pursuant to 28 U.S.C. § 2253 because jurists of reason would not find it debatable that dismissal of the petition is appropriate.

V. CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

                                                  Claire C. Cecchi
                                                  United States District Judge

Dated: December 7, 2011